IN THE IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KATHY JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOLGENCORP, INC., )<br>)<br>Defendant. ) | CIVIL ACTION NUMBER:<br><br>2:06-cv-927-MEF |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Dolgencorp, Inc. ("Defendant") answers Plaintiff's Complaint and asserts its affirmative defenses as follows:

1.  Defendant admits that it is a corporation conducting business in the State of Alabama, and that it operates retail stores under the name "Dollar General." Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.  Defendant is without sufficient information to either admit or deny the factual assertion contained in Paragraph 2 of the Complaint, and out of an abundance of caution, denies same.

3.  Defendant admits that Plaintiff has brought this lawsuit pursuant to the Fair Labor Standards Act ("FLSA"). However, Defendant denies that it has in any way violated the FLSA, or any other federal statute, as applied to Plaintiff.

4.  Defendant admits the jurisdictional assertions contained in Paragraph 4 of the Complaint; however, Defendant denies that Plaintiff's claim has any merit.

5.  Defendant admits the jurisdictional assertions contained in Paragraph 5 of the Complaint; however, Defendant denies that Plaintiff's claim has any merit.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Because the phrase "At all times material to this action" is vague and undefined, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Because the phrase "At all times material to this action" is vague and undefined, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Because the phrase "At all times material to this action" is vague and undefined, Defendant denies the allegations contained in Paragraph 9 of the Complaint. Defendant further denies that it violated the FLSA in connection with Plaintiff's employment.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint, and specifically denies that Plaintiff has been damaged or that Defendant engaged in any wrongful conduct.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint, and further denies that Plaintiff has been damaged, that she is entitled to the relief requested, or that she is entitled to any other form of relief at law or in equity.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint, and further denies that Plaintiff is entitled to the relief requested, or to any other form of relief at law or in equity.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

In responding to the unnumbered "Wherefore" paragraph immediately following Paragraph 16 of the Complaint, and subsections 1-4 thereof, Defendant denies that Plaintiff is entitled to the relief requested or to any other form of relief at law or in equity.

### AFFIRAMTIVE DEFENSES

In further response to Plaintiff's Complaint, Defendant states as follows:

### FIRST DEFENSE

Any act or omission by Defendant giving rise to a claim under the FLSA was not willful but was made in good faith and based upon reasonable grounds that the act or omission did not violate the FLSA.

### SECOND DEFENSE

To the extent that the Plaintiff has "unclean hands," her claims for equitable relief are barred.

### THIRD DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, release, consent and/or estoppel.

### FOURTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, payment and waiver in accordance with the FLSA, 29 U.S.C. § 216(c).

## FIFTH DEFENSE

The complaint, in part, fails to state a claim upon which relief can be granted.

## SIXTH DEFENSE

The plaintiff's claims are barred to the extent that she failed to mitigate her alleged damages, if any.

## SEVENTH DEFENSE

As discovery proceeds, Defendant reserves the right to raise the defense that the Plaintiff has failed to satisfy the statutory conditions precedent to filing suit.

## EIGHTH DEFENSE

Defendant's actions relative to plaintiff were taken for legitimate, non-discriminatory reasons.

## NINTH DEFENSE

Defendant had no knowledge of, nor should it have had knowledge of, any alleged off-the-clock work by the Plaintiff, and it did not authorize, require, request, suffer or permit such activity by the Plaintiff.

## TENTH DEFENSE

If any supervisor or manager authorized, required, requested, suffered or permitted an employee to work off the clock, such supervisor or manager acted outside the scope of his or her employment.

## ELEVENTH DEFENSE

Defendant did not willfully deprive any person who allegedly worked off the clock of any wages to which they were entitled under the FLSA.

**TWELFTH DEFENSE**

The Plaintiff is not entitled to recover liquidated damages because Defendant at all times acted in good faith and with reasonable grounds for believing that it had not violated the FLSA.

**THIRTEENTH DEFENSE**

The Plaintiff is not entitled to any recovery because any alleged acts or omissions were made by Defendant in good faith in conformity with and reliance on applicable administrative regulation, order, ruling, approval or interpretation, or administrative practice or enforcement policy with respect to the class of employers to which Defendant belongs.

**FOURTEENTH DEFENSE**

The Plaintiff did not complain to Defendant including by means of its open door policy or its toll-free hotline or otherwise, regarding her alleged off-the-clock work.

**FIFTEENTH DEFENSE**

All or part of the time for which the Plaintiff seeks compensation does not constitute compensable work time.

**SIXTEENTH DEFENSE**

All or part of the claims are barred under the *de minimis* doctrine.

**SEVENTEENTH DEFENSE**

The complaint fails to state a claim against Defendant upon which compensatory damages, liquidated damages or exemplary damages can be awarded.

## EIGHTEENTH DEFENSE

The complaint fails to state a claim against Defendant upon which attorneys' fees or costs can be awarded.

## NINETEENTH DEFENSE

The complaint fails to state a claim against Defendant upon which declaratory or injunctive relief can be awarded.

## TWENTIETH DEFENSE

Defendant's conduct toward plaintiff was at all times in good faith and was not willfully discriminatory.

## TWENTY-FIRST DEFENSE

Plaintiff is not entitled to an award of pre-judgment interest.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

## TWENTY-THIRD DEFENSE

Plaintiff cannot establish a prima facie case on any of her claims as stated against Defendant.

## TWENTY-FOURTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

Defendant requests an award of its costs, expenses and attorney's fees.

Dated this 19th day of October, 2006.

> Respectfully submitted,
>
> /s/ Ryan M. Aday
> Christopher W. Deering, Esq.
> Ryan M. Aday, Esq.
> **Ogletree, Deakins, Nash,**
>    **Smoak & Stewart, P.C.**
> One Federal Place, Suite 1000
> 1819 Fifth Avenue North
> Birmingham, Alabama 35203
> Telephone: (205) 328-1900
> Facsimile: (205) 328-6000
> christopher.deering@odnss.com
> ryan.aday@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jere L. Beasley, Esq.
W. Daniel Miles, III, Esq.
Roman A. Shaul, Esq.
**Beasley, Allen, Crow, Methvin,**
 **Portis, & Miles, P.C.**
P.O. Box 4160
Montgomery, AL 36103

/s/ Ryan M. Aday
Of Counsel

4371779.1

7