IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KATHY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | |
| ) | 2:06-cv-927-MEF |
| DOLGENCORP, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DOLGENCORP, INC.'S BRIEF IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Christopher W. Deering
Ryan M. Aday
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama 35203
Phone: (205) 328-1900
Facsimile: (205) 328-6000

I.   **Introduction:**

On September 12, 2006, Plaintiff Kathy Jones ("Jones"), a former employee of Defendant Dolgencorp, Inc. ("Defendant" or "Dolgencorp"), filed this lawsuit alleging that Dolgencorp violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to properly pay her overtime compensation. The undisputed evidence and argument presented herein clearly demonstrates that Jones has waived her right to sue Dolgencorp for back wages owed under the FLSA.

In connection with an audit of Dolgencorp Store No. 7267, the United States Department of Labor (the "DOL") previously determined that Jones was owed $185.84 in gross back wages. A check in the gross amount of $185.84 (the "Check") was sent to Jones under the direction and supervision of the DOL, and included a Receipt for Payment of Lost or Denied Wages (the "Receipt"), which was provided by the DOL. Jones negotiated the Check, but failed to sign and return the Receipt as instructed. The Receipt states that "Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for such back wages under Section 16(b) of that Act." Even though Jones failed to sign and return the Receipt, her acceptance of the Check operates to waive any rights she had to sue Dolgencorp for back wages under the FLSA. The law on this issue is clear, and the evidence is undisputed. As a result, Dolgencorp is entitled to summary judgment on all claims in this case.

II.  **Statement of Undisputed Facts:**

1.   On or about October 19, 2005, the Wage and Hour Division of the DOL initiated an investigation of Dolgencorp Store No. 7267. *See* Declaration of Tracy M.

Loftis, ("Loftis Declaration") attached hereto as Exhibit "A", at Exhibit "1".

2. On December 13, 2005, pursuant to DOL instructions, Dolgencorp provided Jones with a check in the gross amount of $185.84, along with a Receipt provided by the DOL. *See* Loftis Declaration at ¶ 5; Exhibit "2", correspondence from Loftis to Jones dated December 13, 2005.

3. On December 14, 2005, in accordance with DOL instructions, Loftis sent correspondence to DOL investigator Yvette R. Davis ("Davis") enclosing copies of the letters, Receipts, and checks provided to the employees in question, including Jones. *See* Loftis Declaration at ¶ 6; Exhibit "3", correspondence from Loftis to Davis dated December 14, 2005.

4. Additionally, in accordance with DOL instructions, on February 1, 2006, Loftis sent Davis executed Receipts from the employees in question who signed and returned the Receipt, and copies of cancelled checks for those employees who did not sign and return a Receipt. *See* Loftis Declaration at ¶ 7; Exhibit "4", correspondence from Loftis to Davis dated February 1, 2006; Loftis Declaration at ¶ 8; Exhibit "5", copy of cancelled Check to Jones.

5. Dolgencorp's records do not reflect that the Company received an executed Receipt from Jones. *See* Loftis Declaration at ¶ 9.

6. Jones endorsed the Check and presented it for deposit in her account at Regions Bank. *See* Loftis Declaration at ¶ 8 & Exhibit 5 thereto.

III. **Argument:**

    A. **Summary Judgment Standard.**

Summary judgment is proper when there is no genuine issue of material fact and

3

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Mere allegations in a pleading are not enough to create a genuine issue of material fact as against a showing of evidence contrary to the allegations. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ("mere existence of *some* alleged factual dispute. . . will not defeat an otherwise properly supported motion for summary judgment . . . ") (emphasis in the original). Once the moving party has made a showing that there is no genuine issue of material fact, the non-moving party must then present specific facts creating such an issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87); *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986) ("summary judgment is not a disfavored procedural shortcut but an integral part of the Federal Rules"). While resolution of summary judgment motions in employment discrimination matters often involve "fact-intensive issues", the Eleventh Circuit notes that the granting of such motions, when appropriate, is proper and specifically useful to "'police the baseline'" for employment-related claims. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1244 (11th Cir. 1999); (*see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264 n.8 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1674, 146 L.Ed.2d 483 (2000)).

> **B.  Jones' claim in this lawsuit is barred by the doctrine of accord and satisfaction because Jones accepted payment for back wages as determined and supervised by the DOL in connection with an audit of Dolgencorp Store No. 7267.**
>
> **1.  Section 16(c) of the FLSA states that an employee's acceptance of payment in full constitutes a waiver by the employee of any right to sue for back overtime wages.**

Under section 16(c) of the FLSA, the DOL "is authorized to supervise the payment of unpaid minimum wages or the unpaid overtime compensation owing to any . . . employee under section 6 or 7 of this Act, and the agreement of any employee to

4

accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under [Section 16(b)] . . . to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages." The waiver provision found in section 216(c) was intended to create an incentive for employers to voluntarily accept settlements supervised by the Department of Labor. *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

Accordingly, section 16(c) requires (1) that the employee agree to accept the payment that the DOL determines to be due, and (2) that the employer then make "payment in full." "Payment in full" means the payment of an administratively determined amount of back wages as a settlement amount, not full payment of the underlying claim. *See Walton v. United Consumers Club*, 786 F.2d 303, 305 (7th Cir. 1986).

### 2. The DOL distinguishes between types of settlements by either soliciting or not soliciting an employee's signature on a DOL-provided Receipt.

When the DOL believes that it has achieved a settlement that is "close enough" to full payment of the overtime due the employee, it either sends, or permits the employer to send, each affected employee a form agreement (i.e, the "Receipt") requesting that the employee explicitly release his or her right to sue the employer. If the DOL does not believe that the amount offered by the employer is adequate, it may forward the amount allocated to each employee without requesting a Receipt. *See*; *Heavenridge v. Ace-Tex Corp.*, 1993 U.S. Dist. LEXIS 21129, 1 Wage & Hour Cas.2d 1367 (E.D. Mich. Sept. 3, 1993) ("The Department [of Labor] apparently distinguishes among settlements. When it thinks it has achieved 'enough' for the employees – something close to full payment of the wages and overtime due – it sends them agreements

5

explicitly releasing the right to sue, and it requests them to sign these forms if they wish to take the money. When the Department thinks it has fallen short, it does not solicit these signatures."). When the DOL and the employer enter into an agreement providing for a DOL-supervised settlement, the employer pays the full sum required for the settlement to the DOL, or to the employee under DOL supervision, and the employee, before obtaining his or her money, receives (and in most cases signs) the Receipt which contains language acknowledging his or her relinquishment of all claims under the FLSA.

> 3. **An employee waives any right to sue for back wages under the FLSA if she cashes a check for back wages but fails to return a signed Receipt.**

An employee's right to bring a Section 16(b) action is extinguished if an employee (1) signs the Receipt furnished by the DOL but does not cash the check that was tendered in the amount determined by the DOL, or (2) <u>cashes the employer's check in that amount after receiving the DOL furnished Receipt but refuses to sign the Receipt.</u> *See Heavenridge*, 1 Wage & Hour Cas.2d at 1369 (employee's cashing of settlement check constituted agreement when it was accompanied by DOL-furnished receipt that unambiguously stated "[y]our acceptance of back wages means that you have given up any right you may have to bring suit" under Section 16(b)). In the latter case, there is deemed to be an agreement (accord), and the employer has tendered the full amount the DOL determined as the compromise amount due (satisfaction).

The case of *Heavenridge v. Ace-Tex Corp.*, 1993 U.S. Dist. LEXIS 21129, Case No. 92-75610, 1 Wage & Hour Cas.2d 1367 (E.D. Mich. 1993) is directly applicable with

respect to the factual situation presented in this case. In *Heavenridge*, the DOL investigated the defendant-employer Ace-Tex Corp. ("Ace-Tex") and found that Ace-Tex had misclassified the plaintiff and five others as FLSA exempt. Accordingly, the DOL informed Ace-Tex that it was required to pay overtime to these employees on a fluctuating workweek basis for the period investigated. *See id.* At the conclusion of the investigation, the DOL sent Ace-Tex a Receipt for Payment of Back Wages, setting forth the gross amount owed to the plaintiff. Ace-Tex issued a check, less applicable deductions, and forwarded it to the DOL. *See id.* The Receipt provided for the plaintiff's acknowledgment of receipt of payment, and further provided: "NOTICE TO EMPLOYEE – Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for such back wages under Section 16(b) of that Act." *Importantly,* **the plaintiff cashed the check, but failed to sign the Receipt**. The plaintiff nonetheless sued Ace-Tex under the FLSA, and the court granted Ace-Tex's motion for summary judgment on the basis that by negotiating the check the plaintiff had waived his FLSA claim against Ace-Tex. Heavenridge, 1993 U.S. Dist. LEXIS 21129, at *7-*8.

The factual situation in *Heavenridge* is nearly identical to the factual scenario currently before this Court. The only slight difference is that in *Heavenridge*, Ace-Tex sent the settlement check to the DOL, who in turn forwarded it to the plaintiff. As shown in Dolgencorp's Evidentiary Submission, Dolgencorp actually sent the Check to Jones along with the Receipt under DOL supervision. This is a distinction without a difference. As shown by the undisputed evidence, Dolgencorp sent the Check and the Receipt to Jones under the direction and supervision of the DOL. Furthermore, the

7

DOL may instruct the employer to provide the Check and Receipt directly to the employee instead of handling that task itself. *See* DOL Field Operating Handbook, Sec. 53c10; *see also* Ellen C. Kearns, The Fair Labor Standards Act, § 18.VI.I.2 (BNA Books 1999).

As in *Heavenridge*, the undisputed evidence submitted clearly establishes that Jones waived her right to sue Dolgencorp for the claim asserted in this lawsuit. It is undisputed that the DOL undertook a wage and hour audit of Dolgencorp Store No. 7267. *See* Loftis Declaration at ¶4; Exhibit "1". Based on the evidence presented, the DOL supervised the settlement and delivery of checks for back wages to the affected employees, including Jones, and the DOL provided Receipts in connection with the issuance of the checks. *See* Loftis Declaration at ¶¶ 3-8. Finally, it is undisputed that Jones negotiated the Check. *See* Loftis Declaration at ¶ 8; Exhibit "5". As a result, Jones has waived her right to sue Dolgencorp under the FLSA for back overtime wages and Dolgencorp is entitled to summary judgment.

Since the *Heavenridge* case, the Eleventh Circuit has upheld entry of summary judgment in favor of an employer on the grounds that the plaintiff had waived his FLSA claim by accepting a DOL-supervised settlement. In *Niland v. Delta Recycling Corp.*, 377 F.3d 1244 (11th Cir. 2004), the defendant contacted the DOL after it acquired the plaintiff's prior employer and discovered various overtime violations. *See id.* at 1245-46. Under DOL supervision, the defendant sent a check to the plaintiff for back overtime wages in an amount determined by the defendant in connection with a self-audit. The plaintiff, who was not aware of the DOL's involvement in the settlement process,

8

initially refused to accept the check but eventually relented and negotiated the check. *See id.* at 1245. The trial court granted the defendant's motion for summary judgment, which was upheld by the Eleventh Circuit. The Eleventh Circuit found that even though the amount of the settlement check was determined by the defendant in connection with a self-audit, and even though the defendant did not use a DOL standard Receipt, the DOL adequately supervised the settlement as to effectuate the employee's waiver when he simply negotiated the check. *See id.* at 1248.

The facts before this Court are not as complex as those involved in *Niland*. In that case, one of the key issues was determining whether the DOL actually supervised the settlement since the plaintiff was paid in connection with a self-audit. Here, it is indisputable that the DOL investigated Dolgencorp and supervised the payment of the Check to Jones for back wages. *See* Loftis Declaration at ¶¶ 4-7; Exhibits "1-4". This is evidenced by the correspondence between the DOL and Dolgencorp, as well as the existence of a standard DOL Receipt which accompanied payment to Jones. *See id.* The other key issue in *Niland* was whether the defendant's use of its own waiver language instead of the standard DOL Receipt was sufficient.

Here, it is undisputed that the DOL provided Dolgencorp with its standard Receipt to be delivered to Jones along with the Check. *See* Loftis Declaration at ¶ 5. If the Eleventh Circuit in *Niland* found that the plaintiff had waived her claim, then it is a certainty that Jones waived her claim in this case by taking the Check to Regions Bank and endorsing it for deposit in her bank account. *See* Loftis Declaration at ¶ 8 & Exhibit 5 thereto. As a result, it is abundantly clear that Jones' has waived her claim in this

lawsuit, and Dolgencorp is entitled to summary judgment. *See also Bullington v. Fayette Co. Sch. Bd.*, 246 Ga. App. 463 (Ga. Ct. App. 2003) (employee waived right to sue employer under federal FLSA by endorsing settlement check and retaining proceeds, even though he did not sign accompanying release form); *Mion v. Aftermarket Tool &c. Group*, 990 F.Supp. 535 (W.D. Mich. 1997) (employee waived right to sue employer by cashing settlement check in connection with Department of Labor supervised settlement, even though she refused to sign the accompanying release form.).

WHEREFORE, PREMISES CONSIDERED, Dolgencorp respectfully requests that this Court enter an Order granting it summary judgment with respect to all claims asserted in Jones' Complaint.

Respectfully submitted,

s/Christopher W. Deering
Bar No.: ASB-5555-I71C

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
**Ogletree, Deakins, Nash,
   Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jere L. Beasley -- jere.beasley@beasleyallen.com

Wilson Daniel Miles, III -- dee.miles@beasleyallen.com

Roman Ashley Shaul  --  roman.shaul@beasleyallen.com

        s/Christopher W. Deering
        Christopher W. Deering
        Bar Number:  DEE-006 / ASB-5555-I7IC
        Attorney for Defendant,
        Dolgencorp, Inc.

4601596.2

```
ERROR: syntaxerror
OFFENDING COMMAND: --nostringval--

STACK:

/Title
()
/Subject
(D:20070118103848)
/ModDate
()
/Keywords
(PDFCreator Version 0.8.0)
/Creator
(D:20070118103848)
/CreationDate
(LocketNM)
/Author
-mark-
```